IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA.

CASE NO.:

DIVISION:

SAMANTHA USINA,

    Plaintiff,

vs.

PETER DARIOS and
PARROT HEADS, INC.,
a Florida corporation d/b/a SUNSET GRILLE,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, SAMANTHA USINA, sues the Defendants, PETER DARIOS and PARROT HEADS, INC. d/b/a SUNSET GRILLE, and alleges:

### ALLEGATIONS COMMON TO BOTH COUNTS

1. This is an action for damages that exceed $15,000 exclusive of attorneys' fees, costs and interest.

2. Usina, at all times material to this cause of action, was a resident of St. Augustine, St. Johns County, Florida and employed by the Defendants.

3. The Defendant, Peter Darios, is a resident of St. Augustine, St. Johns County, Florida.

4. The Defendant PARROT HEADS, INC. is a Florida corporation doing business as SUNSET GRILLE and operating a bar and restaurant at 421 S.R. A1A Beach Boulevard, St. Augustine Beach, St. Johns County, Florida.

1



DEFENDANT'S EXHIBIT "C"

5. At all material times, Darios is and was an officer, director, and primary shareholder of Parrot Heads, Inc. and operator/manager of Sunset Grille.

6. The Plaintiff sues the Defendants for gender discrimination in violation of 42 USC § 2000e, et seq. and Section 760.10 et seq., Fla. Stat. (2004).

7. Attorneys' fees and costs are awardable to the Plaintiff pursuant to 42 USC § 1988 and 760.11(5), Fla. Stat. (2004).

8. The activities giving rise to this cause of action occurred in St. Augustine, St. Johns County, Florida.

9. Plaintiff Usina has complied with all necessary administrative requirements prior to initiating this action, including the timely filing of her charge of sexual discrimination and sexual harassment with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. The EEOC provided its notice of right to sue on May 23, 2005. The charge number associated with the notice of suit rights is 150-2004-04434.

10. On or about June 30, 2004, Usina began working as a waitress at Sunset Grille. At that time, Usina was nineteen years old.

11. From the time Usina began working at Sunset Grille, Usina was subjected to repeated unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature. The advances and requests were coupled with employment related conditions. Particularly, Darios constantly indicated to Usina that sexual relations with him would positively affect her employment conditions.

12. At approximately 1:20 AM on July 3, 2004 Darios telephone Usina at her home. Despite the late hour and the fact Sunset Grille was closed, Darios insisted Usina

bring over her work schedule from her other job so that he could complete the work schedules for Sunset Grille. Usina did so and returned to her home.

13. At 2:30 AM that same night, Darios telephoned Usina again at her home and insisted Usina return to Sunset Grille to have a beer or "whatever else she wanted." Darios insisted that she return to the business.

14. Fearing she would lose her job or be given disadvantageous working hours, Usina returned to Sunset Grille. At that time, Darios requested sexual favors of Usina. Specifically, Darios kissed Usina in an unwelcome and aggressive manner, exposed his penis, and held Usina's hand to his penis until he quickly ejaculated. Usina quickly left the premises.

15. Darios gave Usina extremely advantageous hours to work at Sunset Grille for the week following the sexual harassment alleged above.

16. Thereafter, Darios continued to aggressively pursue sexual favors from Usina. However, Usina refused all of Darios' sexual advances.

17. From the time Usina began refusing Darios' requests for sexual favor, Darios began giving Usina much fewer hours to work and assigned her the least advantageous shifts. Notwithstanding, Darios persisted in efforts to intimidate Usina into having sexual relations with him stating in effect he would not be happy with her work or give her good hours unless she acceded to his demand for sexual favors.

18. Rather than have sexual relations with Darios and because of the event of July 3rd, Usina left her employment at Sunset Grille.

19. As a direct and proximate result of the discrimination against her, Usina has suffered significant, severe, and permanent pain and suffering, mental anguish,

humiliation, stigmatization, loss of enjoyment of life, inconvenience, and other general and special damages for which she entitled to money damages.

## COUNT I
## TITLE VII GENDER DISCRIMINATION

20. This is an action against the Defendants for violation of Title VII (42 USC § 2000e(a)).

21. The Plaintiff realleges facts set forth in paragraphs numbered 1 through 19 inclusive and incorporates those allegations by reference as though fully set forth herein.

22. As alleged above, Darios engaged in *quid pro quo* sexual harassment by engaging in unwelcome sexual advances, requests for sexual favors and other verbal and physical conduct and promising Usina a favorable work schedule and other benefits if she engaged in sexual relations with him. Additionally, Darios both threatened and carried out threats of scheduling Usina for fewer working hours and assigning her disadvantageous shifts if she refused to engage in sexual relation with him.

23. The sexual harassment complained of above was engaged against Usina, a female person, by Darios, a male person, on account of Usina's gender, and Darios' conduct directed against and affecting Usina was committed because she was a woman.

24. As a direct and proximate result of the Defendants' gender-based sexual harassment and discrimination, Usina has suffered the injuries set forth above.

25. As a result of these injuries and of Defendants' conduct, Usina is entitled to money damages and, upon the successful prosecution of this 42 USC §2000e action, Usina is entitled to an award of attorneys' fees and costs.

WHEREFORE, the Plaintiff demands a judgment against the Defendants for damages and attorneys' fees and costs.

## COUNT II
## SEXUAL DISCRIMINATION PROHIBITED BY §760.10, FLA. STAT.

26. This is an action against the Defendants for violation of Section 760.10, Fla. Stat.

27. The Plaintiff realleges facts set forth in paragraphs numbered 1 through 19 inclusive and incorporates those allegations by reference as though fully set forth herein.

28. As alleged above, Darios engaged in *quid pro quo* sexual harassment by engaging in unwelcome sexual advances, requests for sexual favors and other verbal and physical conduct and promising Usina a favorable work schedule and other benefits if she engaged in sexual relations with him. Additionally, Darios both threatened and carried out threats of scheduling Usina for fewer working hours and assigning her disadvantageous shifts if she refused to engage in sexual relation with him.

29. The sexual harassment complained of above was engaged against Usina, a female person, by Darios, a male person, on account of Usina's gender, and Darios' conduct directed against and affecting Usina was committed because she was a woman.

30. As a direct and proximate result of the Defendants' gender-based sexual harassment and discrimination, Usina has suffered the injuries set forth above.

31. As a result of these injuries and of Defendants' conduct, Usina is entitled to money damages and, upon the successful prosecution of this claim under Section 760.10, Fla. Stat., Usina is entitled to an award of attorneys' fees and costs pursuant to Section 760.11(5), Fla. Stat.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages and attorneys' fees and costs.

5

DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable as of right.

> the mcleod firm
>
> _____
> ROBERT L. McLEOD II
> Florida Bar No.: 369632
> 1200 Plantation Island Dr. S.
> Suite 140
> St. Augustine, Florida 32080
> (904) 471-5007 Telephone
> (904) 461-5059 Facsimile
> Attorney for Plaintiff